IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2008

Charles R. Fulbruge III
Clerk

No. 08-10212

JAMIE ABRAMS

Plaintiff-Appellant

V.

AMERICAN AIRLINES INC; HENRY MOORE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-919

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Starting in early 2001, Plaintiff-Appellant Jamie Abrams ("Abrams"), an employee of Defendant-Appellee American Airlines, Inc. ("American"), began receiving anonymous harassing phone calls while at work. These calls were sexual and graphic in nature. Abrams also received harassing notes via an internal envelope and on her car in the employee parking lot. Other American employees, all men, also suffered similar harassment. Although the perpetrator remained a mystery for approximately two years, eventually authorities

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discovered that Tim White ("White"), another American employee, was the culprit. Abrams sued American and Defendant-Appellee Henry Moore ("Moore"), American's Senior Security Representative, for sexual harassment under Title VII, 42 U.S.C. § 2000e-2, alleging that American created a hostile work environment by failing to investigate the harassment adequately. The district court granted summary judgment in favor of American and Moore. Abrams appeals. We affirm essentially for the same reasons that the district court provided.

As the district court noted, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the discriminatory act. 42 U.S.C. § 2000e-5(e)(1). If, as here, the plaintiff instead files with the corresponding state agency, the limitations period extends to 300 days. Id.; see also Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P.A., 139 F.3d 532, 537 (5th Cir. 1998). Thus, Abrams has a viable Title VII claim only for acts that occurred after July 24, 2003, which is 300 days before she filed her complaint on May 20, 2004.

Given this rule, Abrams' claims are time-barred. First, in her motion opposing summary judgment, she did not point to any harassing phone calls or letters that she received from White or discriminatory conduct from American that occurred after July 24, 2003. Only in her motion for reconsideration and on appeal does she identify four calls that White allegedly made after July 24, 2003.[1] But, as American notes, Abrams cannot rely on evidence that she did not present originally to the district court. See, e.g., Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (noting that it is not the duty of this court or the district

---

[1] American asserts that White made these calls to his male co-employees, not to Abrams, undercutting Abrams' argument that the harassment was based on her sex. Abrams seems to concede this point in her reply brief, but asserts that "the content of the calls was intended" for Abrams and that "[t]he fact that the calls were made to a co-employee for delivery to her is certainly sufficient to establish an employment context."

court to "sift through the record in search of evidence to support a party's opposition to summary judgment" (internal quotation marks omitted)); see also Waltman v. Int'l Paper Co., 875 F.2d 468, 473-74 (5th Cir. 1989) (refusing to consider on appeal evidence first offered with a motion for reconsideration of summary judgment when the plaintiff provided no explanation on why she did not present such evidence, which was available at the time of summary judgment, in her opposition to summary judgment). Accordingly, Abrams cannot rely on this evidence, and the district court did not err in concluding that Abrams had failed to present any evidence of a discriminatory act within the 300-day window.

Second, for the acts that occurred prior to July 24, 2003, Abrams did not pursue her claims diligently after she learned of them, thus failing to protect her rights. She attempts to rely on the "continuing violation" theory of a hostile work environment claim, but the facts do not support that theory. The continuing violation theory is an "equitable exception" to the limitations period that courts have used in "certain exceptional circumstances." Webb, 139 F.3d at 537. This court has noted that:

> "the core idea [of the continuing violation theory] is that equitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights."

Id. at 537 (quoting Glass v. Petro-Tex Chem. Corp., 757 F.2d 1554, 1560-61 (5th Cir. 1985)) (alteration in original). Here, there is no question that Abrams was aware of the facts that supported her Title VII claim well before July 24, 2003. For example, in May 2002, Moore notified Abrams that he was closing his investigation and turning it over to law enforcement authorities. Thus, at that time, a reasonably prudent person would have known of the facts that would

support Abrams' hostile work environment allegations.  Accordingly, American did not commit a discriminatory employment practice that "manifest[ed] itself over time."  Abrams v. Baylor Coll. of Med., 805 F.2d 528, 532 (5th Cir. 1986).[2]  Instead, Abrams alleges a series of discrete acts.  See id.  Therefore, Abrams cannot rely on the continuing violation theory to support her claims for the acts that occurred prior to July 24, 2003.

In sum, Abrams failed to point to any evidence of discrimination after July 24, 2003, that she presented originally to the district court.  She cannot raise new evidence on a motion for reconsideration or on appeal.  Abrams also failed to establish a continuing violation.  Therefore, her claim is time-barred under 42 U.S.C. § 2000e-5(e)(1).  Accordingly, we AFFIRM the judgment of the district court in favor of American and Moore.

AFFIRMED.

---

[2] The "Abrams" in this case is not Jaime Abrams, the plaintiff here.